RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __11_/_4_/_11_

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JONATHAN WHITE** | **DOCKET NO. 11-CV-1422; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **ROBERT LEMOINE, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT & RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Jonathan White, filed *in forma pauperis* and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama. He complains of an assault that took place while in the custody of the Bureau of Prisons at the United States Penitentiary in Pollock, Louisiana ("USP-P").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that on March 4, 2009, he was attacked by three inmates in front of cell 207 in unit B-2 at USP-P. An officer pulled Plaintiff away from his assailants and removed him from the area. Plaintiff complains that the defendants had a duty

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

to keep him in a safe environment.

### Law and Analysis

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in civil rights claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). **In Louisiana, that limitations period is one year.**

Federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). In this case, Plaintiff's claim accrued on the date of the attack - March 4, 2009.

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. See Rotella v. Pederson, 144 F.3d 892, 897

(5th Cir. 1998).   That is, a Plaintiff is entitled to equitable tolling for the time spent exhausting the BOP administrative remedies.  See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies); Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).

Plaintiff submitted copies of his administrative remedy claim and appeals, which indicate that he did not timely or properly exhaust his administrative remedies. [Doc. #1, p.5-13] Even if he had properly exhausted, his claim would still be prescribed.  The incident took place in March of 2009.   The response from the central office (final step) is dated January 22, 2010.   Thus, Plaintiff had, at best, had one year from that date to file suit in this Court.   The complaint was filed on July 29, 2011, and postmarked on July 27, 2011.  The complaint is purportedly signed on February 3, 2011.   Thus, even if Plaintiff had properly exhausted, and even if he attempted to mail his complaint on February 3, 2011, the complaint would still be time-barred.

Plaintiff would not be entitled to equitable tolling because he did not timely and properly exhaust his administrative remedies.

Even if he were given the benefit of equitable tolling during the pendency of his administrative proceedings, Plaintiff's complaint is prescribed, as it would have to have been filed by January 29, 2011.

## *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **denied and dismissed as frivolous.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed in Alexandria, Louisiana, this 3rd day

of _____, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE